NOT FOR PUBLICATION

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>IN RE: HOLLISTER CONSTRUCTION SERVICES, LLC,<br>              Debtor.<br>BAK ADVISORS, LLC as Liquidating Trustee of Hollister Construction Liquidating Trust,<br>              Plaintiff,<br>vs.<br>SAX LLP,<br>              Defendants. | Case No. 19-27439 (MBK)<br><br>Adv. No. 21-01358 (MBK)<br><br>Chapter 11<br><br>Hearing Date: 12/2/2021<br><br>Judge: Michael B. Kaplan |

**MEMORANDUM OPINION**

**Andrew H. Sherman, Esq.**
**George R. Hirsch, Esq.**
**Daniel J. Harris, Esq.**
Sills Cummis & Gross P.C.
The Legal Center
One Riverfront Plaza
Newark, NJ 07102
*Attorneys for Plaintiff*

**Jonathan S. Ziss, Esq.**
**Ronald S. Herzog, Esq.**
**Jennifer Feldscher, Esq.**
Goldberg Segalla, LLP
1037 Raymond Boulevard,
Suite 1010
Newark, NJ 07102
*Attorneys for Defendant*

      This matter comes before the Court on a motion ("Motion") (ECF No. 6) filed by Sax, LLP ("Sax" or "Defendant"), in the above-captioned adversary proceeding, seeking to dismiss damages in excess of the amount Hollister Construction Company ("Hollister" or "Debtor") paid Sax for an audit of Hollister's financial statements for the fiscal year ending December 31, 2018. BAK Advisors, LLC, acting as the Liquidating Trustee of Hollister Construction Liquidation Trust, ("BAK Advisors" or "Plaintiff") filed this adversary proceeding seeking the entry of a money judgment for damages caused by Defendant's professional malpractice in the conduct of the 2018

1

audit. BAK Advisors filed opposition (ECF No. 12) to the Motion, to which Sax filed a reply (ECF No. 14). The Court has fully considered the submissions of the parties and the arguments set forth on the record during the hearing held on December 2, 2021.  For the reasons set forth below, the Court denies Defendant's Motion to Dismiss, without prejudice.

I.    **Background**

Hollister was first retained by Sax in 2015 to conduct an annual audit of Hollister's financial statements for that fiscal year. Hollister continued to engage Sax for the following three years to complete annual audits. On April 12, 2018, Sax issued its audit report ("2018 Audit") for the 2018 fiscal year to Hollister. Hollister filed for bankruptcy on September 11, 2019, and confirmed a plan of liquidation on April 16, 2021, in which BAK Advisors was selected as the liquidating trustee. *See Confirmation Order*, Case No. 19-27439, ECF No. 1769.

BAK Advisors commenced this adversary proceeding alleging in the complaint ("Complaint") that in conducting the 2018 Audit, Sax: 1) "[f]ailed to design and perform appropriate audit procedures;" 2) failed "to require management to provide an allowance for doubtful accounts . . . due to Sax's negligence in failing to design and implement appropriate audit procedures to obtain adequate audit evidence to support its opinion that the receivables balance stated in the financial statements was both reasonable and collectable;" 3) failed to address that assets were overstated, and losses were understated; and 4) "failed to design and follow appropriate audit procedures for the 2018 [a]udit to determine the Debtor's ability to continue as a going concern for a reasonable period of time." *Complaint*, ¶¶ 32-72. BAK Advisors asserts that these counts amount to professional malpractice and breach of contract on the part of Sax when they conducted the 2018 Audit. The Complaint seeks a money judgment for unspecified damages, including the indebtedness Hollister was unable to pay while its liabilities increased and the value of its assets decreased, all of which allegedly is related to the 2018 Audit.

The issues set forth in Defendant's Motion concern the November 7, 2018 engagement agreement ("2018 Agreement") between Hollister and Sax that establishes the terms of the 2018 Audit, and specifically incorporates a provision titled, "Claim Resolution," which states:

> Hollister Construction Services, LLC and Sax LLP agree that no claim arising out of services rendered pursuant to this arrangement letter shall be filed more than two years after the date of the audit report issued by Sax LLP or the date of this arrangement letter if no report has been issued. In no event shall either party be liable to the other for claims of punitive, consequential, special, or indirect damages. Sax LLP's liability **for all claims, damages and costs** of Hollister Construction Services, LLC arising from this engagement

2

> is limited to the amount of fees paid by Hollister Construction Services, LLC to Sax LLP for the services rendered under this arrangement letter.

*2018 Agreement*, ECF No. 6, Exhibit B (emphasis added). Sax refers to this provision as a limitation of liability clause. Sax contends in its Motion that the language of the provision unambiguously limits BAK Advisor's claim against Sax to the fee amount paid by Hollister to Sax for services rendered for the 2018 Audit, which is $65,000. Sax posits that any complaint seeking damages in excess of this number should be dismissed. Conversely, BAK Advisors, views this language as exculpatory. BAK Advisors asserts that Sax's professional malpractice caused millions of dollars of damage in the form of new indebtedness that Hollister could not repay. BAK Advisors further asserts that the limitation of liability provision, if applied in the manner Sax suggests, would effectively exculpate Sax from its negligent conduct. BAK Advisors argues that the clause, as written, is unconscionable and violates public policy. More to the point, BAK Advisors implores the Court to adopt an exception to the established precedent allowing parties to contractually limit liability where the conduct at issue has been performed by a licensed professional.

## II.     Motion to Dismiss Under Rule 12(b)(6)

As set forth above, Defendant filed this Motion pursuant to FED. R. CIV. P. 12(b)(6) seeking to limit BAK Advisor's recoverable damages to the compensation Sax received from Hollister for the 2018 Audit. "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" *Fleisher v. Standard Ins.*, 679 F.3d 116, 120 (3d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). When reviewing a motion under 12(b)(6), a court must "view the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff, and judgment should not [be] granted unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." *Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002) (citation omitted); *see also Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court notes that Defendant is not seeking to dismiss the Complaint in its entirety, but rather to limit BAK Advisor's recoverable damages. Specifically, Sax has moved to dismiss the Complaint "to the extent that it seeks damages in excess of the amount paid to Sax [by Hollister] in connection with the 2018 [A]udit," or more precisely, $65,000. The Motion does not challenge whether the Complaint fails to state a claim upon which relief can be granted. Rather, as Sax contends, the issue is limited—"[W]hether any relief [P]laintiff may be entitled to is limited in accordance with the limitation of liability provision in the November 7, 2018 arrangement letter Hollister admittedly signed." *Plaintiff's Reply*, ECF No. 14, page 2.

### III.   Analysis

The Court denies Sax's Motion to dismiss on the present record. First, this Court is unable to ascertain whether Sax's actions rise to the level of mere negligence, gross negligence or even recklessness. Determining the degree of malpractice—to the extent there was malpractice at all—is a question of fact that cannot be decided on a motion to dismiss. For one, "because the conduct of an audit involves the exercise of professional judgment, a claim that an auditor has committed malpractice by failing to exercise due care ordinarily must be supported by appropriate expert testimony." *Cast Art Indus., LLC v. KPMG LLP*, 416 N.J. Super. 76, 93, 3 A.3d 562, 572 (App. Div. 2010), *rev'd*, 209 N.J. 208, 36 A.3d 1049 (2012) (referencing *Seaward Int'l, Inc. v. Price Waterhouse*, 239 Va. 585, 391 S.E.2d 283 (1990)). Furthermore, "negligence, gross negligence, recklessness, and willful conduct fall on a spectrum, and the difference between negligence and gross negligence is a matter of degree." *Steinberg v. Sahara Sam's Oasis, LLC*, 226 N.J. 344, 366, 142 A.3d 742, 755 (2016). "[G]ross negligence is a higher degree of negligence. . . . Whereas negligence is the failure to exercise ordinary or reasonable care that leads to a natural and probable injury, gross negligence is the failure to exercise slight care or diligence." *Steinberg*, 226 N.J. at 754 (citing to *Introductory Notes, Model Jury Charge (Civil)* § 5.12 "Gross Negligence" (2019)). In the Complaint, BAK Advisors assert actions for breach of contract and professional negligence. At what point does professional negligence, or malpractice, rise to the level of gross negligence?

If this Court cannot ascertain the severity of the actions based on the facts before it, then it also cannot determine whether the limitation of liability provision should be upheld. Indeed, if this Court were to find that Sax's actions rise to the level of gross negligence, the language within the limitation of liability provision, as written, is not specific enough to limit liability. Rather, the language states that, "Sax LLP's liability **for all claims**, **damages and costs** of Hollister

Construction Services, LLC arising from this engagement is limited to the amount of fees paid by Hollister. . . ." *2018 Agreement*, ECF No. 6, Exhibit B (emphasis added). This Court is unaware of any decision in which a party has been able to contract around liability for gross negligence, especially where the limitation of liability clause does not specifically so provide. Rather, nearly every such limitation of liability provision that this Court has reviewed expressly excluded grossly negligent, reckless or wanton and willful conduct.

By way of example, in 2018, Judge Wolfson reviewed an agreement between an uninsured owner of a store specializing in rare coins and ADT, LLC, a company that monitored a security alarm system for the store. After inventory was stolen during a burglary, the store brought suit against ADT for breach of contract. ADT moved for summary judgment arguing that the store owner's claim was foreclosed by a limitation of liability clause in their contract. In a decision granting summary judgment in part, Judge Wolfson found the limitation of liability provision to be enforceable. This Court notes that the language in the limitation of liability section before Judge Wolfson includes the word "negligence" specifically-

> The provisions of this paragraph E shall apply no matter how the loss, damage or injury or other consequence occurs, even if due to ADT's performance or nonperformance of its obligations under this contract or from **negligence** (active or otherwise), strict liability. . .[1]

*Fabricatore v. ADT LLC*, No. CV16916FLWDEA, 2018 WL 3218694, at *3 (D.N.J. July 2, 2018) (emphasis added). Other limitation of liability provisions reviewed by this Court reference only negligent conduct and do not attempt to limit liability for gross negligence, wanton and willful conduct, or reckless conduct.[2]

Here, the limitation of liability provision in the 2018 Agreement states that Sax's liability is limited for "**all** claims, damages and costs of Hollister." *2018 Agreement*, ECF No. 6, Exhibit B (emphasis added). This language is far too broad and purports to potentially limit not just negligence, but possibly grossly negligent, willful and wanton or reckless conduct. While the parties were not specific in the "Claim Resolution" provision, the contracting parties were more

---

[1] Original text was reformatted from caps to lowercase for uniformity purposes.

[2] *See*, *e.g.*, *Kane v. U-Haul Int'l Inc.*, 218 F. App'x 163, 165 (3d Cir. 2007); *Marbro, Inc. v. Borough of Tinton Falls*, 297 N.J. Super. 411, 415, 688 A.2d 159, 161 (Law. Div. 1996); *Tessler & Son, Inc. v. Sonitrol Sec. Sys. of N. New Jersey, Inc.*, 203 N.J. Super. 477, 481, 497 A.2d 530, 532 (App. Div. 1985); *but see Lucier v. Williams*, 366 N.J. Super. 485, 488–89, 841 A.2d 907, 909 (App. Div. 2004) (finding the limitation of liability provision to be unconscionable due to disparate bargaining power, but the language itself was still specific in utilizing the word "negligence" in the agreement).

explicit in an earlier paragraph in the 2018 Agreement that holds Sax harmless from all liability arising from breach of contract or negligent conduct, where Hollister's management made knowing misrepresentations:

> Hollister Construction Services, LLC holds harmless and releases Sax LLP and its partners and employees from all claims, liabilities, losses and costs arising in circumstances where there has been a knowing misrepresentation by a member of Hollister Construction Services, LLC's management that has caused, in any respect, Sax LLP's breach of contract or **negligence**.

*2018 Agreement*, ECF No. 6, Exhibit B (emphasis added). Clearly, there was an opportunity, but no effort to limit liability for more culpable conduct in the "Claim Resolution" provision. Of course, the law precluded such an effort. Parties may not limit liability for more egregious conduct than mere negligence. As opined by counsel for Sax, "[T]he case law makes a distinction, certainly in professional services, that you can limit your liability for ordinary negligence and for breach of contract. You presumably could not do so if it were for intentional, or willful or wanton misconduct. That would presumably be violative of public policy." *Motion to Dismiss Hr'g Tr.* 4.21 (Dec. 2, 2021), ECF No. 16. This position aligns with New Jersey law, which allows for "an exculpatory clause [to] expressly excuse or limit liability for negligent contract performance, but [which holds] that such a clause [may] not operate to bar a claim of willful and wanton misconduct." *Tessler & Son, Inc. v. Sonitrol Sec. Sys. of N. New Jersey, Inc.,* 203 N.J. Super. 477, 484, 497 A.2d 530, 533 (App. Div. 1985); see also *Kane v. U–Haul Int'l Inc.*, 218 F. App'x 163, 167 (3d Cir. 2007) (observing that willful and wanton conduct may not be exculpated under New Jersey law). The result should be no different for grossly negligent or reckless conduct. At juncture in the litigation, the Court cannot determine—based on the facts as pleaded—where Defendant's conduct falls on the negligence spectrum.

In conclusion, Plaintiff's request to essentially carve out an exception for auditors and accounting professionals utilizing exculpatory language in contracts with their clients is premature. Although New Jersey restricts the ability of certain professionals or companies to limit their liability through risk allocation provisions—such as alarm service providers[3] and home

---

[3] *See Fabricatore v. ADT LLC*, No. Civil Action No. 16-916 (FLW) (DEA) (D.N.J. July 2, 2018) (citing a number of cases involving alarm service providers attempting to limit their liability through exculpatory clauses, such as *Synnex Corp. v. ADT Sec. Servs., Inc.*, 394 N.J. Super. 577, 591–92 (App. Div. 2007), *Tessler & Son, Inc. v. Sonitrol Sec. Sys. of N. New Jersey, Inc.*, 203 N.J. Super. 477, 481–86 (App. Div. 1985), *Foont–Freedenfeld Corp. v. Electro–Protective*

inspectors[4]—New Jersey courts have yet to address this issue for accounting professionals in a commercial setting.

### IV. Conclusion

For the foregoing reasons, Sax's Motion to Dismiss (ECF No. 6) is denied without prejudice. Whether Sax committed professional malpractice against Hollister in connection with the 2018 Audit (as well as the breach of contract), and whether Sax may lawfully limit by contract such liability, are issues that cannot be resolved at this stage of the proceeding. The Court will enter an accompanying order.

*Michael B. Kaplan* (signature)

Michael B. Kaplan, Chief Judge
U.S. Bankruptcy Court
District of New Jersey

---

*Corp.*, 126 N.J. Super. 254, 257–58 (App. Div. 1973), *aff'd*, 64 N.J. 197 (1974), *Diamond Ctr., LLC v. ADT Sec. Servs., Inc.*, No. A–1578–14T1, 2016 WL 3766236, at *7 (N.J. Super. Ct. App. Div. July 15, 2016), and *St. Paul Fire & Marine Ins. Co. v. Wells Fargo Alarm Servs.*, No. 95–712, 1995 WL 306642, at *5).

[4] See *Lucier v. Williams*, 366 N.J. Super. 485, 841 A.2d 907 (App. Div. 2004) (finding the limitation of liability clause to be unconscionable and against public policy because it was exculpatory).